IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Marsha L. Driggs, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:11-cv-0229 |
| Commissioner of Social Security, | | JUDGE JAMES L. GRAHAM |
| | | Magistrate Judge Kemp |
| Defendant. | : | |

OPINION AND ORDER

Plaintiff, Marsha L. Driggs, filed this action seeking review of a decision of the Commissioner of Social Security denying her applications for disability benefits and supplemental security income.  On November 29, 2011, the Magistrate Judge recommended that the Commissioner's decision be affirmed.  Plaintiff filed objections to that recommendation, and the Commissioner has responded.  For the following reasons, plaintiff's objections will be overruled.

I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1); see also Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

The Court's review of the underlying decision "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings

of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 651 (6th Cir. 2009), quoting Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 746 (6th Cir. 2007).

## II.

The Report and Recommendation accurately summarizes the testimony given at the administrative hearing and the medical records, and that summary will be repeated here only briefly. Plaintiff was 50 years old at the time of the administrative hearing and had an eighth grade education. She had previous work experience cleaning hotel rooms. She had developed a painful back condition and, according to her doctors, was also suffering from anxiety and depression. Treatment notes consistently rated her GAF at 55-60 and painted a picture of a somewhat demanding patient who would take others' medication if her requests for specific medication, primarily Xanax, were not met.

The record does contain a number of reports from treating sources to the effect that plaintiff's psychological impairments were disabling. For example, Dr. Hamill, who started treating

plaintiff earlier in 2007, completed a residual functional capacity form on October 11, 2007, indicating that plaintiff's prognosis was poor and that she could not meet competitive standards for maintaining regular attendance or being punctual, completing a workday or workweek without interruptions from psychologically-based symptoms, and dealing with work stress.  He identified a number of other marked impairments as well and stated that plaintiff would miss more than four days of work each month due to her impairments.  He expressed the same views a year later.  Well before her alleged onset date, a different treating source, Dr. Shy, came to much the same conclusion.

The Administrative Law Judge did not agree.  Rather, although he found that plaintiff suffered from both severe physical and psychological impairments, he relied on the testimony of a medical expert (Dr. Madden) and a vocational expert to the effect that plaintiff could do a limited range of light work, which included the duties she fulfilled as a housekeeper.  Because he found that plaintiff could do her past relevant work, he denied her applications for benefits based on disability.

### III.

The issues which plaintiff raised in her statement of errors, and which were addressed by the Report and Recommendation, relate to how the treating sources' opinions were weighed, and the fact that the ALJ deemed her testimony of disabling symptoms (she testified she was essentially bed-ridden) to be less than fully credible.  In her objections, she repeats her previous arguments on these points. Specifically, she contends that the ALJ failed to note the overall consistency of the reports of disability, from Dr. Shy to Dr. Hamill; that the ALJ incorrectly relied on inconsistencies between Dr. Hamill's notes and his opinions to discount his view as to her disability; and that Dr. Madden's opinion was not credible because it was not

based on a complete review of the record.  She also asserts that the ALJ failed to review a key piece of evidence (a physical capacities form completed by a physical therapist) and that her minimal daily activities are more consistent with disability than with the ability to work on a sustained basis.

Plaintiff does not take issue with the way in which the Report and Recommendation describes the legal standard applicable to the rejection of the opinion of a treating source, and the Court adopts that statement of the law.  <u>See</u> Report and Recommendation, Doc. #17, at 9-10, <u>citing, inter alia, Wilson v. Comm'r of Social Security</u>, 378 F.3d 541, 544 (6th Cir. 2004), and 20 C.F.R. §404.1527(d).  The question is whether good reasons supported the ALJ's decision to discount the opinion at issue, and whether those reasons were adequately explained by the administrative decision.

The Report and Recommendation sets forth the ALJ's rationale at some length.  The Court agrees with and adopts the Report and Recommendation's discussion of the ALJ's reasons for discounting Dr. Hamill's opinion, including the Magistrate Judge's finding that those reasons were supported by matters in the record and could have led a reasonable person to conclude that Dr. Hamill overstated the degree of plaintiff's limitations.  The various inconsistencies noted between his notes and observations, which did not appear to support a finding of extreme limitations, and his formal opinions, are actually present in the record.  Other factors, such as the fact that Dr. Hamill's opinion seemed to report matters with no support in the record (such as multiple episodes of decompensation in a work setting) and that he did not aggressively treat plaintiff's symptoms or vary her medication, also lent support to the ALJ's weighing of the evidence.  The Court agrees that plaintiff's argument does not so much attack the foundation of the ALJ's decision as ask the Court to re-weigh

the evidence, and, of course, the Court may not do so in the context of a "substantial evidence" review.

The same appears to be true of her arguments about the physical capacities form and the way the ALJ judged her credibility. The ALJ could reasonably have concluded that there was no support in the various medical records for a finding of physical incapacity, and did not have to accept plaintiff's testimony at face value. As the Report and Recommendation observed,

> the ALJ based his credibility findings on these factors: that her claim that she needed to lie down for most of the day was inconsistent with the course of treatment she pursued for her physical impairments; that her telephone reports to the Social Security Administration contained inconsistencies; that her activities are inconsistent with someone who is essentially bedridden; and that her reported symptoms are not supported by the medical records.

Report and Recommendation, at 13. These are valid reasons to call a claimant's testimony about disabling symptoms into question. When these kinds of factors are found in the record, and the ALJ articulates them as reasons to disbelieve the more extreme portions of a claimant's testimony, it is not for the Court to second-guess that decision. As this Court has said, "the issue here is not whether there is evidence from which the ALJ could have concluded that plaintiff was fully credible, but whether there is support for the ALJ's determination that [she] was not." Daniels v. Commissioner of Social Sec., 2011 WL 2110145, *4 (S.D. Ohio May 26, 2011). Here, there is.

IV.

For all of these reasons, and after a *de novo* review of those portions of the Report and Recommendation to which plaintiff objected, the Court **OVERRULES** the objections (#18) and **ADOPTS AND AFFIRMS** the Report and Recommendation (#17). The

plaintiff's statement of specific errors (#14) is **OVERRULED** and this case is **DISMISSED**.  The Clerk is directed to enter judgment in favor of the defendant.

    **IT IS SO ORDERED.**

Date: January 24, 2012          s/James L. Graham  
                                                James L. Graham  
                                                United States District Judge